*J. L. Mayson, W. D. Ellis Jr.,* contra.

---

### 6233.   BENJAMIN *v.* THE STATE.

The evidence did not authorize a conviction of gaming. It was not proved that the defendant was engaged in a game of cards or that he played or bet for money, or that he had in his hands or near him either cards or money. "Evidence that the defendant was present at a game of cards, and ran, upon the approach of officers armed with pistols, is not . . sufficient to establish the guilt of such defendant beyond a reasonable doubt within the meaning of the Penal Code [of 1910, § 1010]. Neither presence nor flight, nor both together, without more, is conclusive of guilt." *Griffin* v. *State,* 2 *Ga. App.* 534 (58 S. E. 781).

DECIDED MAY 17, 1915.

Accusation of gaming; from city court of Macon—Judge Hodges. December 19, 1914.

*Walter Defore, Charles H. Garrett,* for plaintiff in error.

*John P. Ross, solicitor-general,* contra.

RUSSELL, C. J. To our minds, the decision in this case is controlled absolutely by the decision in the case of *Griffin* v. *State,* supra. On a rainy Sunday afternoon an officer suddenly entered a barber-shop, the door of which was not fastened, and went into a room in the rear of the shop, where the defendant carried on the business of cleaning and pressing clothes. There were eight men in the room, some seated upon, and some standing near or around a large table. On the table were a deck of cards and some money. Upon the entry of the officer with a pistol in his hand, all the persons in the room undertook to run, but were arrested and charged with gaming. The officer testified that he did not see a card played or a cent of money exchanged, and only got a glimpse of the room

before he entered, flourishing his pistol. Outside of this evidence there was nothing whatever to connect the defendant with any game of any kind. He was not seen with a card or with any money. In behalf of the defendant there was evidence from more than one witness that the cards on the table were cards which were kept in the shop for the entertainment of customers; that no card game was played there on the Sunday afternoon in question; that the persons in the room had gathered there out of a rain, and were simply sitting around waiting for the rain to cease. Conceding the undoubted right of the judge to disbelieve the testimony for the defense, and conceding that the evidence authorized the conclusion that an unlawful game of cards was being played, the burden devolved upon the State to show, in addition to this, that the defendant was actually a participant, and not a mere spectator, and yet the one supposition is just as reasonable as the other. We think what was said in the case of *Griffin* v. *State,* supra, is peculiarly applicable to the present case, except that in that case it was shown that gambling was going on, while in the present case there was no evidence to show this, except circumstantially. While the proved facts may be consistent with the hypothesis of guilt, it certainly can not be said that they exclude every other reasonable hypothesis. This being true, the judgment of conviction, being based solely on circumstantial evidence, was unwarranted. *Judgment reversed.*