## 47175. JOHNSON v. THE STATE.

HALL, Presiding Judge. Defendant appeals from his conviction for robbery and from the denial of his motion for a new trial. Defendant and another man, Nash, were emerging from the stairway of a parking garage when two women entered the door. One woman walked on in and was grabbed and struck by Nash. During the scuffle, her coin purse and glasses fell from her handbag and Nash picked them up. In the meantime, the defendant kept walking toward the door and the other woman turned and ran out calling for help. When defendant reached the door he called out, "Let's go" and fled. Nash then ran out too. Both were separately apprehended a short time later, based on descriptions furnished by the women.

Nash testified at this trial that defendant had nothing to do with the robbery. For impeachment, the State introduced a statement Nash made shortly after his arrest which said that defendant had suggested that they go out to rob. The trial judge, sitting without a jury, found defendant guilty of a conspiracy to commit robbery.

Defendant contends there is no evidence that he partici-
pated in this robbery in any way and that his flight to
avoid arrest was not inconsistent with his avowed inno-
cence. The trial judge appeared to believe that the shout
of "Let's go" showed the conspiracy.

The evidence against this defendant is wholly circumstan-
tial. "Neither presence nor flight, nor both together,
without more, is conclusive of guilt." *Griffin v. State,* 2
Ga. App. 534 (2) (58 SE 781). While the words "Let's go"
uttered by the defendant to Nash plus the presence and
flight of the defendant are consistent with the hypothesis
of guilt, it cannot be said that they exclude every other
reasonable hypothesis. *Benjamin v. State,* 16 Ga. App.
376 (85 SE 349); *Hodges v. State,* 103 Ga. App. 284 (118
SE2d 858). The circumstantial evidence is insufficient to
prove the defendant's guilt beyond a reasonable doubt.

*Judgment reversed. Pannell and Quillian, JJ., concur.*
SUBMITTED MAY 4, 1972—DECIDED MAY 11, 1972.

*Glenn Zell,* for appellant.
*Lewis R. Slaton, District Attorney, Joel M. Feldman,
James H. Mobley, Jr., Richard E. Hicks,* for appellee.