## 29552, WOODRUFF v. THE STATE.

HALL, Justice.

This is an appeal from an armed robbery conviction in which the state's evidence against Woodruff was entirely circumstantial. He argues that the evidence was inadequate to "exclude every other reasonable hypothesis save that of the guilt of the accused," as required by Code § 38-109. We disagree, and affirm.

The state's evidence tended to show that the victims, two aged sisters, lived in a rural area near a dirt road, and that shortly before the robbery they saw a late model green automobile go past their house with three men inside. Somewhat later, two men subsequently identified as Woodruff's co-defendants, Hobbs and Parker, appeared at the victims' home asking first for gasoline, and then, being told the sisters had none, for a drink of water. Upon an exchanged signal of some sort, the two moved against the sisters and subsequently ransacked the house and beat one of the elderly women in the search for money. One of the robbers brandished a gun. They obtained about four dollars in change, and departed.

Two Butts County law officers arrived about ten minutes after the offense and were told about the green automobile. They set off in search of it and about 600 feet from the sisters' house met a late model green automobile being driven by Woodruff who appeared to be alone. The officers stopped and turned their automobile around to give chase, but the green car moved on out of sight and, from a point which it had recently passed, Hobbs ran across the road. The officers stopped and apprehended him, and then sped in the direction taken by the green car, with their blue light flashing. They next saw the green car near the city limits of Flovilla with Woodruff still driving and Parker seated beside him. In addition to their flashing light, the officers turned on their siren and, after a short time, concluding that Woodruff was not going to stop although he had been considerably slowed by being temporarily boxed in traffic, the officers sent a warning shot through the roof of the car whereupon Woodruff stopped. He and Parker were searched, and inside the glove compartment of the automobile, which belonged to

Parker, the officers found a .25 caliber automatic. Subsequently, Hobbs and Parker were identified by the sisters as the robbers. At trial, the defense offered no evidence at all.

1. In support of his claim that the evidence against him was insufficient, Woodruff argues here that a reasonable hypothesis consistent with his innocence and with the evidence is as follows: the green car, occupied by Woodruff, Hobbs and Parker, was actually out of gas; Hobbs and Parker went in search of gasoline while Woodruff remained with the car; a maroon automobile, which one victim testified went down the road after the green car had passed, could have stopped and given Woodruff gasoline, whereupon, Parker and Hobbs having split up for some reason, Woodruff drove Parker into town and was unaware that Parker and Hobbs had perpetrated the robbery. The flaw in this reasoning is that it does not explain Woodruff's flight from the officers as the driver of the green automobile.

Woodruff argues that there is no evidence of flight, and it is true that the officers' testimony was in some respects ambiguous; but this very clear exchange occurred during the testimony of Officer Barnes: "Q. Is that your normal police procedure when you are chasing a car just to shoot a warning shot right through the car? A. If they won't stop, it is. Q. Well, you hadn't given him much chance to stop. He was already behind a slow moving car and you were coming up behind him. A. He wasn't making any attempt to stop with the siren or the blue light." We conclude that there was evidence before the jury of Woodruff's flight.

Flight, without more, is inadequate to support a conviction. *Johnson v. State,* 126 Ga. App. 277, 278 (190 SE2d 594). However, in each case the evidence of flight is to be considered with the other evidence to determine how the flight may be explained. See *Griffin v. State,* 2 Ga. App. 534, 536 (58 SE 781). In *Griffin,* supra, mere evidence that defendant fled from a scene of gambling when the chief of police burst upon the scene brandishing a pistol, was held insufficient to convict, because this flight could have been occasioned by surprise and apprehension, or by the contagious flight of the guilty

participants. But, on the other hand, "[e]vidence that the defendant and three others were lying on the ground in a secluded spot with money before them, that each had cards in his hand, and that on being discovered all attempted to escape, was sufficient to sustain a verdict that the defendant was guilty of playing and betting at a game played with cards for money." *Harmon v. State,* 120 Ga. 197 (47 SE 547). Thus, evidence of flight may be admitted as one of a series of circumstances from which guilt may be inferred. *Sullivan v. State,* 222 Ga. 691, 693 (152 SE2d 382); *Smith v. State,* 106 Ga. 673, 679 (32 SE 851).

Returning to the facts here, the hypothesis offered by Woodruff as reasonable and consistent with innocence, does not account for the circumstance of flight. Though the evidence as a whole presents a close case, on balance no reasonable hypothesis consistent with Woodruff's innocence and with the evidence, including evidence of flight, comes to mind; none was offered by him at trial; and none had been advanced in his behalf. Though Woodruff was under no compulsion to take the stand, had he done so and had he offered a reasonable explanation of his activities, we would be required to take that explanation "into consideration insofar as it is consistent with the circumstantial evidence properly admitted." *Sentell v. State,* 227 Ga. 153, 156 (179 SE2d 234). Here, none of the three defendants testified. From the evidence, the only reasonable explanation was that Woodruff was in league with the robbers; was assigned to drive the automobile by which they planned to make their escape; and attempted that escape with Parker. To be adequate, circumstantial evidence need not remove every possibility of innocence. *Wheeler v. State,* 228 Ga. 402, 405 (185 SE2d 900). There is no merit in Enumerations 1 and 2 which urge the insufficiency of the evidence under Code § 38-109 to authorize the conviction.

2. Woodruff's third enumeration complains that the superior court erred in overruling his motion for severance made upon the ground that "there are varying degrees of mitigation, extenuation, and incrimination involved in the alleged crime." At the hearing on the motion, Woodruff's attorney stated to the court only his

concern about the possible smear effect upon Woodruff of joint trial with the two identified robbers.

*Dingler v. State,* 233 Ga. 462, is a recent decision of this court concerning severance of offenses. This appeal concerns severance of defendants — a matter controlled by Code Ann. § 27-2101. The state here waived the death penalty, and under the provisions of Code Ann. § 27-2101 " . . . when the death penalty is waived . . . defendants may be tried jointly or separately in the discretion of the trial court . . ." It has not been made to appear here that the court abused its discretion in denying severance. Under the American Bar Association Standards for Criminal Justice, Joinder and Severance § 2.3 (1974) it is recommended that severance be granted where necessary to protect a defendant from an incriminating reference to him in a co-defendant's out-of-court statement; or where severance is required to protect defendant's right to a speedy trial; or where "it is deemed appropriate to promote a fair determination of the guilt or innocence of a defendant . . ." Id. § 2.3(b) (i). The first two situations considered by the American Bar Association Standards are inapplicable here, and, as to the third, no compelling reason has been advanced for the conclusion that a joint trial fair to Woodruff could not be had. Woodruff's assertion in his brief on appeal that he needed the testimony of his co-defendants and at the joint trial they refused to testify, is not only an apparent afterthought, but as a bare assertion is legally insufficient to require severance. This was the ruling of the Fifth Circuit in a similar case decided under Rule 14 of the Federal Rules of Criminal Procedure: ". . . appellants' bare assertion that the joint trial deprived them of the testimony of their co-defendants, without a showing as to the likelihood of the testimony being given in separate trials, and without any evidence that that testimony would tend to exculpate the appellants, is not sufficient to show prejudice." Tillman v. United States, 406 F2d 930, 936 (5th Cir. 1969), vacated on oth. gr., 395 U. S. 830; accord, United States v. Cochran, 499 F2d 380, 392 (5th Cir. 1974).

The two cases primarily relied upon by Woodruff, Bruton v. United States, 391 U. S. 123 (1968) and United States v. Echeles, 352 F2d 892 (7th Cir. 1965), are

factually inapposite. The superior court did not err in denying the motion for severance.

3. Woodruff last alleges that his motion to suppress evidence of the gun found in the automobile should have been granted because the search was illegally conducted without a warrant. The short answer to this contention is that the searching officers testified at the motion to suppress that Parker, the car owner, consented to the search. Although all defendants denied at the hearing that consent was given, the trial court's decision on questions of fact and credibility at a suppression hearing must be accepted unless clearly erroneous. Lego v. Twomey, 404 U. S. 477 (1972); United States v. Watson, 469 F2d 362, 365 (5th Cir. 1972); *Johnson v. State,* 233 Ga. 58 (209 SE2d 629). Contrary to Woodruff's argument here, it is not essential to the validity of a consent to search an automobile that the owner be told he has a right to refuse. That argument was specifically rejected by the Supreme Court in Schneckloth v. Bustamonte, 412 U. S. 218 (1973). Woodruff relies upon *Flournoy v. State,* 131 Ga. App. 171 (205 SE2d 473), which does appear to stand for the proposition that the natural emotional upset experienced by a wrongdoer apprehended in her automobile by the police, is sufficient to render involuntary any consent given to search of the automobile. We cannot agree that this is a correct statement of the law. The facts present here do not show duress, and under the totality of the circumstances, the trial court did not err in concluding that consent was voluntarily given.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 3, 1975 — DECIDED FEBRUARY 25, 1975.

*Garland & Garland, Byrd Garland,* for appellant.
*Edward E. McGarity, District Attorney, Kenneth E. Waldrep, Assistant District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Deputy Assistant Attorney General,* for appellee.