## 36679. THE STATE v. HARRIS.

UNDERCOFLER, Chief Justice.

Certiorari was granted to determine whether or not the Court of Appeals correctly reversed the order denying defendant's motion to suppress evidence.[1] We reverse.

The facts are succinctly stated in the opinion of the Court of Appeals.

1. On appeal from the denial of a motion to suppress evidence obtained through a search that the defendant contends was illegal, "the trial court's decision on questions of fact and credibility . . . must be accepted unless clearly erroneous." *Woodruff v. State,* 233 Ga. 840, 844 (3) (213 SE2d 689) (1975).

2. Whether the premises searched were the residence of the defendant and Charles Davis or of the defendant alone is without legal significance in this case, " '[W]hen an officer holds a valid arrest warrant and reasonably believes that its subject is within premises belonging to a third party, he need not obtain a search warrant to enter for the purpose of arresting the subject.' " United States v. Gaultney, 606 F2d 540, 544 (1) (5th Cir. 1979). "If there is sufficient

---

[1]*Harris v. State,* 155 Ga. App. 278 (270 SE2d 854) (1980).

evidence of a citizen's participation in a felony to persuade a judicial officer that his arrest is justified, it is constitutionally reasonable to require him to open his doors to the officers of the law. Thus, for Fourth Amendment purposes, an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within." Payton v. New York, —— U. S. —— (100 SC 1371, 63 LE2d 639, 660) (1980).

3. The Court of Appeals erroneously referred to "probable cause to believe that Davis was at the address at the time of entry." An officer may enter the residence of the person named in the arrest warrant or of a third person if he "reasonably believes" or has "reason to believe" that the subject is within. Payton, supra; Gaultney, supra. "Reasonable belief embodies the same standards of reasonableness (as does probable cause) but allows the officer, who has already been to the magistrate to secure an arrest warrant, to determine that the suspect is probably within certain premises without an additional trip to the magistrate and without exigent circumstances." Gaultney, supra, at p. 544. The Supreme Court of the United States apparently would agree with this reasoning of the Fifth Circuit.[2]

4. The arrest warrant referred to the premises searched as the residence of Charles Davis, the person named in the warrant. When the officers knocked at the door at approximately 9:30 a.m. that Tuesday morning, the defendant took approximately five minutes to answer the door. She was wearing a housecoat and appeared to have been sleeping. The officers told her they had a warrant for Charles Davis and asked her if she knew him and if he was there. She admitted knowing Davis but stated he was not there. The officers then entered to search for Davis. Their search was confined to places where a person could hide. In their experience, persons hide under beds. Searching for Davis under the bed revealed the drug paraphernalia in plain view. We cannot say that the trial court's order denying the motion to suppress was clearly erroneous. The Court of Appeals erred in holding, in essence, that the evidence was not sufficient to give the officers reason to believe that Charles Davis was within the premises

---

[2]"Finally, we note the State's suggestion that only a search warrant based on probable cause to believe the suspect is at home at a given time can adequately protect the privacy interests at stake, and since such a warrant requirement is manifestly impractical, there need be no warrant of any kind. We find this ingenious argument unpersuasive. It is true that an arrest warrant requirement may afford less protection than a search warrant requirement, but it will suffice to interpose the magistrate's determination of probable cause between the zealous officer and the citizen." Payton, supra, at p. 660.

searched. The fact that the subject of the warrant was not present is legally irrelevant. Gaultney, supra, at p. 545.

*Judgment reversed. All the Justices concur.*

ARGUED NOVEMBER 18, 1980 — DECIDED DECEMBER 2, 1980.

*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert, III, Assistant District Attorney,* for appellant.

*Guy E. Davis, Jr.,* for appellee.