## 63140. PITTMAN v. THE STATE.

POPE, Judge.

Appellant's probation and parole was revoked because of his possession of cocaine. He had previously pled guilty to both possession of cocaine with intent to distribute and possession of more than one ounce of marijuana. Appellant was sentenced on April 28, 1980 to five years in prison, three of which were to be served in confinement followed by two years on probation. He was paroled from prison on April 1, 1981.

On May 1, 1981 at two o'clock in the morning a telephone call was received by the drug investigation unit of the Bibb County Sheriff's Department from an informant reporting that appellant was about to make a cocaine deal. The caller identified himself as an informant for Investigator Allen, a member of the drug unit, and stated that the appellant in the next few minutes was going to meet a black female at the Gulf station on Riverside Drive. He stated that appellant possessed a quantity of cocaine and would be alone in a late model Oldsmobile Toronado.

The message was immediately relayed to Investigator Allen. Allen was aware of the identity of the informant due to the fact that he only had one informant supplying him information about the appellant. The information received by Allen in the past from the informant had proved reliable and on one occasion an arrest resulted. The informant had previously worked with Allen in making undercover drug buys. Based on the information Allen, along with several other officers, proceeded to the location of the Gulf station to wait for appellant's arrival. The officers got there seven to eight minutes after the informant's telephone call. Within five minutes of the officer's arrival, the appellant arrived alone, driving a vehicle matching the informant's description. The officers observed defendant walk around beside the station and return with a black female. They both got into appellant's car. The appellant looked all around, apparently to see if the area was clear, and then drove off. The police officers stopped the car and searched it. The officers, upon finding a package containing cocaine in the trunk of the car, arrested

appellant.

A petition for the revocation of appellant's probation and parole was brought simultaneously with a hearing on the appellant's motion to suppress the evidence seized from his car. The judge ruled the evidence admissible and revoked appellant's probation and parole based upon the evidence presented at the hearing.

Appellant contends that the court erred in failing to sustain his motion to suppress, arguing inter alia that there was no probable cause for the warrantless search, and even if there had been probable cause, that there was no showing of exigent circumstances excusing the police from obtaining a warrant.

1. Probable cause for the search was sufficiently established by the evidence of the informant's reliability, the detailed nature of his tip, and the corroboration of his information by police. *Peters v. State,* 148 Ga. App. 850 (2) (253 SE2d 214) (1979); *Sams v. State,* 121 Ga. App. 46 (1) (172 SE2d 473) (1970). See also *Register v. State,* 124 Ga. App. 136 (183 SE2d 68) (1971).

2. Whether exigent circumstances precluded obtaining a warrant is a question of fact to be determined by the trial court. The judge's decision, if supported by any evidence, is to be accepted. *State v. Watts,* 154 Ga. App. 789 (4) (270 SE2d 52) (1980). "The general rule is that one of the exigent circumstances justifying a warrantless search is a situation where there is a seizure and search of a moving vehicle, and when the vehicle is indeed moving there is only the requirement that the search and seizure be based upon sufficient probable cause." *State v. Watts,* supra at 790. Therefore, this enumeration has no merit.

3. Appellant's remaining contentions are also without merit. There was sufficient evidence presented at the hearing to justify the revocation order.

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 16, 1982 —
REHEARING DENIED APRIL 7, 1982 —

*William C. Randall,* for appellant.
*Willis B. Sparks III, District Attorney, G. F. Peterman III, Assistant District Attorney,* for appellee.