## 64794. MOORE v. THE STATE.

SHULMAN, Chief Judge.

This appeal is from the trial court's revocation of appellant's probation arising from a three-year sentence for forgery. The revocation petition charged that appellant's probation should be revoked because he committed the offense of burglary during the term of his probation. The only evidence presented by the state at the revocation hearing was a certified copy of the indictment on the burglary charge. On the indictment, written in hand, was the purported verdict of the jury: "We the jury find the defendant not guilty of the charge of burglary, but guilty of the lesser charge of theft by receiving stolen property." The trial judge revoked appellant's probation because he "was found guilty of the offense of theft by receiving by a jury . . ." Petitioner enumerates three grounds of error, only the first of which needs to be considered by this court.

It is clear that appellant's probation was revoked for a reason other than that stated in the revocation petition. Theft by receiving is not a lesser included offense of burglary. The state presented no evidence showing that appellant had committed burglary while on probation. Consequently, the order of revocation was erroneous. *Radcliff v. State,* 134 Ga. App. 244, 245 (214 SE2d 179). "Judgment in this case, being based on an offense not charged in the petition for revocation, is hereby reversed." *Sosbee v. State,* 155 Ga. App. 196, 197 (270 SE2d 367).

*Judgment reversed. Quillian, P. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED JANUARY 6, 1983.

*Jimmy W. Watson,* for appellant.

*Thomas H. Pittman, District Attorney, Arthur W. Leach, Assistant District Attorney,* for appellee.