65885. THE STATE v. REID et al.

SOGNIER, Judge.

The trial court granted a motion to suppress evidence obtained by a warrantless search, and the state appeals.

Police officer D. I. Bailey went to Nelson F. Reid's home to talk to him about a neighbor's complaint of reckless driving by a visitor to the Reid home. While talking to Reid in the kitchen, Bailey noticed two hand-rolled cigarette butts in an ashtray which he suspected were marijuana. Bailey picked up the cigarettes and smelled them, confirming, in his own mind, that they were marijuana. Bailey asked

Reid for consent to search the house, and Reid initially refused to give his consent. Bailey then told Reid that if he didn't consent Bailey would "take in" all occupants of the house, lock the house, obtain a search warrant and search the house. Reid interpreted this to mean that all occupants would be taken to jail. Because Reid's son, his 16-year-old daughter, and five friends of his children (all juveniles) were in the house and Reid did not want them taken to jail, Reid then consented to the search. Both Reid and his son testified that Reid had been drinking heavily during the day; Bailey testified that Reid had a strong odor of beer, and drank two beers while discussing the consent to search. Bailey also testified that he did not advise Reid of his rights under the Fourth Amendment to the Constitution of the United States.

Based on this evidence the trial court found specifically that Reid consented only after concluding that all occupants would be taken to jail if he did not consent; that Reid thereafter signed a consent to search form handwritten by Bailey; that Reid received no Miranda warnings prior to signing the consent to search; and that Reid was intoxicated during the entirety of the proceedings. Based on those findings the trial court concluded that the consent to search was obtained through duress, i.e., the threat from Bailey to jail all occupants of the residence unless a search without a warrant was allowed. The court also concluded that the state failed to demonstrate by clear and convincing evidence that Reid's consent to search was given freely and voluntarily. (See Schneckloth v. Bustamonte, 412 U. S. 218 (93 SC 2041, 36 LE2d 854).)

In *Woodruff v. State,* 233 Ga. 840, 844 (3) (213 SE2d 689) (1975), our Supreme Court held that "the trial court's decision on questions of fact and credibility at a suppression hearing must be accepted unless clearly erroneous." The trial court's findings in the instant case are supported by the evidence and are not clearly erroneous; therefore, the court's ruling on the motion to suppress is to be accepted. *Pittman v. State,* 162 Ga. App. 51, 52 (2) (289 SE2d 531) (1982).

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED JUNE 22, 1983.

*Thomas J. Charron, District Attorney, James T. Martin, Assistant District Attorney,* for appellant.

*J. Ralph McClelland, Jr., J. Ralph McClelland III, Robert E. Bach, Larry J. White,* for appellees.