## 65781. BROWN v. THE STATE.

Carley, Judge.

A petition was filed alleging that appellant had violated the terms of his probation "[i]n that on July 9, 1982, subject was arrested and accused of having committed the offense of rape." A hearing was

held, at the conclusion of which the trial court made the following oral statement: "I find, as a matter of fact, that [appellant] has violated the terms of his probated sentence; he may not be guilty of the offense of rape, but certainly there is evidence to find him guilty of child molestation or some lesser included offense. . . ." A written order was subsequently entered which stated only that appellant's probation was being revoked for the reason "[a]s set forth in petition." It is from this final order of revocation that appellant appeals.

Were it not for the trial court's oral pronouncement of the findings it had made in the instant case, we would be constrained to hold that the final written order evidenced a clear finding that appellant had violated his probation by committing the crime of rape. *State v. Brinson,* 248 Ga. 380 (283 SE2d 463) (1981). However, because the trial court's oral statement of its findings is apparently inconsistent with the final written order, the actual basis for the revocation of appellant's probation remains in doubt as to whether the trial court found that appellant had violated his probation by the commission of rape "as set forth in the petition," or child molestation, or some other lesser included offense. Since this confusion and doubt did not exist on the record in *Brinson,* we do not construe that decision as authority which would preclude remanding of the instant case to the trial court for the entry of a written definitive statement as to reasons why appellant's probation was revoked. Such a disposition of the instant appeal would not be "elevating a superfluous exercise to the level of due process," because from the record before us we cannot "ascertain the basis for revocation of the defendant's probation." *State v. Brinson,* supra at 381. Accordingly, the instant case is remanded to the trial court for entry of a written statement by the court showing the reasons for revoking appellant's probation.

*Case remanded with direction. Shulman, C. J., Quillian, P. J., Banke, Sognier and Pope, JJ., concur. Deen, P. J., McMurray, P. J., and Birdsong, J., dissent.*

DECIDED JULY 14, 1983.

*George W. Woodall,* for appellant.
*Hobart M. Hind, District Attorney, Britt R. Priddy, Assistant District Attorney,* for appellee.

DEEN, Presiding Judge, dissenting.
"[A] probation revocation hearing is not a trial on a criminal charge. Rather it is a hearing to determine judicially whether the

conduct of the defendant during the probation period has conformed to that outlined in the order of probation." *Robinson v. State,* 154 Ga. App. 591, 593 (2) (269 SE2d 86) (1980); *Johnson v. State,* 214 Ga. 818, 819 (108 SE2d 313) (1959).

Technical niceties applicable during a criminal trial are not required at a probation revocation hearing. Even where there is not enough evidence for conviction "beyond a reasonable doubt" as to a separate crime, one's probation as to the first crime committed may be revoked on slight evidence of the same separate charge for which the acquittal was obtained. *Johnson v. State,* 142 Ga. App. 124 (235 SE2d 550) (1977). "[T]he present trend of the case law is away from the overly-technical application of the fatal variance rule expressed in these and other cases." *Ingram v. State,* 137 Ga. App. 412, 415 (224 SE2d 527) (1976).

There appears to be a distinction and difference in the cases applicable to a criminal trial and in the hybrid civil-criminal revocation hearing:

(a) *As to the criminal trial.* In the case of *Hill v. State,* 246 Ga. 402, 405 (271 SE2d 802) (1980), and in the case of *Drake v. State,* 239 Ga. 232 (236 SE2d 748) (1977), the Supreme Court disapproved *McFall v. State,* 235 Ga. 105 (218 SE2d 839) (1975). The former case makes it clear that statutory rape is not a lesser included offense of forceful rape in a criminal trial. This is not necessarily the rule with respect to a probation revocation hearing.

(b) *As to the probation revocation hearing.* While statutory rape is a separate offense and requires proof of distinct elements than the offense of rape, the same is not true of the former crime committed against a young person and certain lesser included crimes such as child molestation (OCGA § 16-6-4 (Code Ann. § 26-2019)), enticing a child for indecent purposes (OCGA § 16-6-5 (Code Ann. § 26-2020)), and possibly fornication (OCGA § 16-6-18 (Code Ann. § 26-2010)).

In the revocation probation case of *Wilson v. State,* 152 Ga. App. 695 (263 SE2d 691) (1979), it was held that the defendant's probation there was to be vacated because of an "arrest." In that case defendant was only given notice in the record of an allegation of an arrest, but evidence was developed at the hearing that the arrest was based on a sale of amphetamine. Nevertheless, this court concluded that in no event "could the appellant reasonably argue that he was not aware of the specific grounds upon which the revocation was based or that he could not adequately prepare his defense." *Wilson v. State,* supra, 697. In the case of *Sosbee v. State,* 155 Ga. App. 196 (270 SE2d 367) (1980), a petition for revocation as to *theft by taking* was filed, but the separate crime of *theft by disposing* was the final crime upon which

the revocation was based. "He does not, *under any circumstances* we can think of, commit both crimes at once." *Sosbee v. State,* supra, 197. (Emphasis supplied.) This case was reversed because it was based on an offense not charged in the revocation. The case was followed in *Moore v. State,* 165 Ga. App. 59 (299 SE2d 138) (1983), although it was a two-judge case, one judge concurring in the judgment only. The case of *Radcliff v. State,* 134 Ga. App. 244 (214 SE2d 179) (1975), indicated possible alcoholic intoxication but correctly held this was not one of the grounds stated in the petition for revocation. The one-judge case of *Owens v. State,* 153 Ga. App. 525, 527 (265 SE2d 856) (1980), concerning a probation revocation for possession of Quaaludes and marijuana, reversed the trial court because of a technicality of failure to introduce a municipal ordinance. This would have been an understandable result in a criminal trial but is an over-technical requirement at the non-criminal hearing to ascertain one's conduct while on probation after conviction of another crime.

The case under consideraton does involve circumstances wherein at least fornication, child molestation, enticing a child for indecent purposes, as well as statutory rape, were all committed according to the evidence in this case. The district attorney stated at the hearing that the child was under 14 at the time of the act. This is a type of a stipulation by one who is presumed to know the age of the victim in representing the state, concerning which no objection was raised. This is at least some evidence. " . . . [I]n a revocation proceeding the trial judge is not bound by the rules of evidence applied in ordinary civil or criminal cases." *Sellers v. State,* 107 Ga. App. 516, 519 (130 SE2d 790) (1963). Judicial admissions, as well as actions and statements of counsel, made during the trial may be evidence and be admitted subject to objection or explanation. Green, Ga. Law of Evidence (2nd ed.), § 238, p. 395; *Chapman v. State,* 90 Ga. App. 564 (83 SE2d 572) (1954); *Luther v. Clay,* 100 Ga. 236 (28 SE 46) (1897). The transcript and the record read together support a finding that the appellant was notified in the petition for revocation that he had committed the offense of rape. This gave him fair notice particularly in a non-criminal hearing as to the offense or act that was there addressed. A charge of rape is at least equal and probably more notice as to the four related sex crimes arising out of the one act than is the notice of "arrest" in the *Wilson* case, wherein the court found the defendant guilty of sale of drugs. Reading the record and transcript together, appellant was given notice of rape and was found guilty of at least child molestation and lesser included crimes as stated by the judge and would in its totality be sufficient at this hearing to determine that appellant had not lived up to the probation

requirements.

While technically the final order signed by the judge denominated and adjudicated appellant's misconduct as rape, the judge made clear in his pronouncement contained in the transcript that he was relying on child molestation and lesser crimes in considering whether appellant's conduct has conformed to the requirements of probation. Substance is more important than form, and we must construe the evidence now to uphold the trial court's finding.

The child here is slightly retarded. Her younger sister had just left with another boy. The evidence is clear that the child's genitals were swollen and some sexual act had been completed. "Q. What did he put in you? A. His dick." The defendant said he didn't rape her because she was on her period. When asked how he knew that, appellant stated that his friend, Freddy, had told him that he had messed with her, sticking his finger into her, and found that her period was on. I find that the notice given was sufficient as to a probation revocation hearing, that substantial due process was provided, and that more than slight evidence was adduced to support the judge's revocation of the appellant's probation. Accordingly, I would affirm and respectfully dissent.

I am authorized to state that Presiding Judge McMurray and Judge Birdsong concur in the judgment of this dissent only.