### 67504. DAY v. THE STATE.

SOGNIER, Judge.
Appellant was convicted of possession of cocaine in violation of the Georgia Controlled Substances Act. On appeal he contends the trial court erred by allowing the introduction of a document (a laboratory report) into evidence which was not presented to the defense prior to trial, in violation of OCGA § 17-7-211 (Code Ann. § 27-1303).

The cocaine involved was sent to a crime laboratory for analysis and a written report of the results of the analysis was prepared. Appellant made a timely, written demand for a copy of the report and alleges he did not receive a copy as required by § 17-7-211 (Code Ann. § 27-1303). Appellant's motion to suppress the report was denied and although the report was not introduced into evidence, the forensic chemist who conducted the analysis was allowed to testify, over objection, as to the results of the analysis. Appellant contends this was error.

OCGA § 17-7-211 (Code Ann. § 27-1303) requires the state, upon timely written demand, to provide to the defendant a complete copy of any written scientific report in its possession at least 10 days prior to trial. Failure to furnish the defendant a copy of the report upon timely, written demand shall result in the report being excluded and suppressed from evidence. Our appellate courts have held further that an analyst cannot *testify* as to the results of the analysis even though the requested report is not introduced into evidence. *Tanner v. State,* 160 Ga. App. 266 (287 SE2d 268) (1981); *State v. Madigan,* 249 Ga. 571 (292 SE2d 406) (1982).

It is not disputed that appellant made a timely, written demand for a copy of the lab report. However, the prosecuting attorney testified under oath that he personally gave a copy of the report to appellant's counsel at a meeting in the prosecutor's office. Appellant's counsel testified under oath that he never received a copy of the report.

At a hearing on this issue the trial court stated that a hearing on

the discovery motions was held on March 17, 1983 (trial commenced March 28, 1983) and copies of the lab report were passed out by the state voluntarily to all parties present. The court also stated that although appellant's trial counsel was not present at the hearing, an associate was present prior to the hearing. The associate counsel left prior to the actual hearing, stating he would submit his arguments on briefs. The trial court also stated that it had set the hearing for March 17th specifically so the discovery motions could be heard at least 10 days prior to trial. Based on this evidence, the trial court found there had been an adequate tender of the lab report on March 17th.

A trial court's decision on questions of fact and credibility of witnesses at a suppression hearing must be accepted unless clearly erroneous. *Pittman v. State,* 162 Ga. App. 51, 52 (2) (289 SE2d 531) (1982). Based on the evidence before the trial court and the trial court's personal knowledge of what transpired, we find no error in the trial court's decision on this issue, nor do we find a violation of OCGA § 17-7-211 (Code Ann. § 27-1303) under the circumstances of this case.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

Decided February 23, 1984.

*Christine A. Van Dross, Michael H. Lane,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, Thomas W. Hayes, Assistant District Attorneys,* for appellee.