71583. THE STATE v. PEACOCK.
(342 SE2d 364)

CARLEY, Judge.

In this D.U.I. case, the State appeals from the trial court's grant of a motion to suppress the evidence of the results of the blood test performed on defendant. The basis of the motion was that the evidence did not show the required reasonable and articulable suspicion necessary to authorize the stopping of defendant. See *Delaware v. Prouse*, 440 U. S. 648 (99 SC 1391, 59 LE2d 660, 663) (1979); *Thomason v. State*, 153 Ga. App. 345, 346, 347 (265 SE2d 312) (1980).

The testimony of the officer was to the effect that he had observed defendant bring his vehicle to a stop at least three car lengths from three different traffic lights. The officer also testified that as defendant left the second traffic light, he did so at a high rate of speed. During the hearing on the motion to suppress, defendant took the stand and denied that he had conducted himself in the manner testified to by the officer.

At the conclusion of the hearing on the motion to suppress, the trial court stated as follows: "The Court realizes that the standard is reasonable, articulable suspicion rather than probable cause, but applying all of that to the facts of this case and taking the State's testimony on Officer McCain at his best, all he observed was a man stopped three car lengths from a red light, and, of course, *that's disputed by the Defendant, but taken as Officer McCain says*, that three car lengths — he's in a Corvette which would put it some forty to fifty feet — three times — I guess a Corvette's what, ten, fifteen feet long if that, and at 11:30 at night this Court just doesn't see how this is articulable to stop a car just because he's stopped three car lengths from a red light. *He hadn't done anything else. Everything else was fine.* So, the Court's going to grant your Motion to Suppress as to Count One." (Emphasis supplied.)

The actual written order granting the motion to suppress, from which this appeal is taken, states as follows: "the court having heard evidence from the state and the defendant, the court holds that even in holding the evidence in a light most favorable to the state, such

conduct on the part of the defendant was insufficient to justify the traffic stop executed by Officer McCain, Clayton County Police Department. The Motion is GRANTED."

"[W]here there is a conflict in the evidence on the motion to suppress, the ruling of the trial court will be upheld where there is any evidence to authorize a finding in support of his order." *State v. Swift*, 232 Ga. 535 (2) (207 SE2d 459) (1974). Although, in this case, the evidence was definitely conflicting, a review of the transcript statement of the trial court and of the written order itself reveals clearly that the trial court did not really resolve the disputed issues of fact. The trial court simply held that even *if* the evidence presented by the State were true, it still would not show sufficient articulable suspicion to authorize a stop. Furthermore, a review of the bench ruling and the order also indicates that the trial court did not consider the officer's testimony that defendant left one traffic light at a high rate of speed.

In this connection, we recognize that there is no requirement that a trial judge make specific findings of fact after a hearing on a motion to suppress. *Shirley v. State*, 166 Ga. App. 456, 458 (304 SE2d 468) (1983). Thus, if, on this record containing conflicting testimony, the trial court had simply granted the motion to suppress, we would affirm. *Woodruff v. State*, 233 Ga. 840 (3) (213 SE2d 689) (1975). In this case, however, the record shows that the trial court did not really make any findings of fact, articulated or not. The record further shows that "taking the State's testimony on Officer McCain at his best," in order to conclude as a matter of law that there was no articulable suspicion, the trial court did not consider the additional testimony concerning the high rate of speed departure from one of the stop lights. Accordingly, this case must be remanded to the trial court for redetermination of the relevant issues after consideration of all of the evidence. Cf. *State v. Waters*, 170 Ga. App. 505 (2) (317 SE2d 614) (1984). See also *Brown v. State*, 167 Ga. App. 473 (306 SE2d 728) (1983).

*Judgment reversed and case remanded with direction. Banke, C. J., Deen, P. J., McMurray, P. J., and Pope, J., concur. Birdsong, P. J., Sognier, Benham and Beasley, JJ., dissent.*

SOGNIER, Judge, dissenting.

I respectfully dissent. During the suppression hearing the trial judge heard conflicting testimony from defendant and the arresting officer as to speed, the traffic light stops and the officer's reason for stopping defendant. The trial court's decision on questions of fact and credibility of witnesses at a suppression hearing must be accepted unless clearly erroneous. *Woodruff v. State*, 233 Ga. 840, 844 (3) (213 SE2d 689) (1975); *Pittman v. State*, 162 Ga. App. 51, 52 (2) (289

SE2d 531) (1982).

The majority would reverse because it assumes the trial judge's comment on the evidence prior to ruling on the motion to suppress indicates that he failed to consider all the evidence. However, I view the judge's comment on the evidence as indicating he thought the officer's testimony as to traffic light stops was not the only reason, but the strongest reason, for his stopping defendant. I do not interpret the judge's comment as an indication that he did not consider all the evidence in arriving at his decision. It is presumed that a trial judge acts properly when acting within his legitimate sphere. OCGA § 24-4-24; *Thomas v. State*, 174 Ga. App. 560 (1) (330 SE2d 777) (1985). This would include a presumption that the trial judge, in his capacity of trier of fact at a suppression hearing, considered all relevant evidence prior to ruling on a motion to suppress. See, for example, *Sessions v. Oliver*, 204 Ga. 425 (1) (50 SE2d 54) (1948), where the court held that if an order is equivocal and susceptible of more than one interpretation, it will be construed consistently with the theory that the judge performed his duty by considering the evidence and making a finding from it, where the issue is one for such determination. In the instant case the court's order suppressing the evidence is clear and supported by the evidence presented at the hearing. I find nothing to indicate it was clearly erroneous, and thus, the finding must be accepted by this court. *Woodruff, Pittman*, supra. We should not substitute our judgment for that of the trial judge in his capacity of trier of fact. Accordingly, I would affirm.

I am authorized to state that Presiding Judge Birdsong, Judge Benham and Judge Beasley join in this dissent.

DECIDED MARCH 4, 1986.

*John C. Carbo III, Solicitor, Anne M. Landrum, Assistant Solicitor*, for appellant.

*Albert B. Wallace, William R. L. Latson, Carl A. Adcock*, for appellee.