## 75494. THE STATE v. ADAMS.
(366 SE2d 326)

BEASLEY, Judge.

The State appeals pursuant to OCGA § 5-7-1 (4) from the grant of defendant's motion to suppress the results of an intoximeter test and testimony about it. The case charges defendant with driving under the influence of an intoxicant. OCGA § 40-6-391 (1). The core ground for the motion was that the officer stopped defendant without a "founded suspicion" or an "articulable reason." Probable cause to arrest without a warrant is thus not at issue, except insofar as it must be based on a valid stop in the first place.

Only the arresting officer and defendant testified at the motion hearing. It is unrebutted that the officer stopped defendant based on three congruencies which alerted him: his training to detect impaired drivers, his thirteen years' experience as a police officer, and his observation of defendant's manner of driving under the circumstances then prevailing.

It is unrebutted that it was 11:15 p.m. and that defendant was alone in his car, driving northbound on I-75 in "very moderate, . . . not much" traffic. It is unrebutted that the officer followed him for a distance on the highway and then as he exited up a ramp, stopped, headed across the intersection, stopped at the median, turned left, stopped at the first light, and then turned left to enter I-85, whereupon the officer stopped him.

The officer testified that what drew defendant to the officer's attention was that he made two or three lane changes on I-75 without signalling as required by law, gradually driving from one lane to the other and alternately faster and slower, when there was no traffic to prompt either of these deviations from steady driving. The officer followed defendant up the ramp, at the top of which defendant stopped beyond where a car would normally stop before entering the intersection. This added to the officer's suspicion that defendant was an im-

paired driver. The officer had been taught through training and personal experience that these several manifestations were common to drivers impaired by alcohol, so the officer stopped defendant to investigate the accuracy of this suspicion before allowing him to proceed on yet another highway.

Defendant did not contradict the officer's testimony about the lane changes or the failure to signal or the stop at the top of the ramp. With regard to the alternately faster and slower driving, he merely said he did not think he made any real extraordinary moves, and he later stated that he did not dispute the officer on this point.

The court based suppression of the evidence of intoxication essentially on the finding that the lane change was insufficient to raise suspicion because defendant had to change lanes to exit. In so doing, the court ignored the lane changes unrelated to the exit, the fact that the lane changes occurred more than once for no reason, the other indicators, and the fact that the officer observed failure to signal, a traffic violation. OCGA § 40-6-123 (a). It alone gave sufficient cause to stop. *Eisenberger v. State*, 177 Ga. App. 673, 674 (2) (340 SE2d 232) (1986). The fact that the officer did not charge defendant with this offense but only with the more serious offense of driving under the influence is immaterial.

" 'An authorized officer may stop an automobile and conduct a limited investigative inquiry of its occupants, without probable cause, if he has reasonable grounds for such action — a founded suspicion is all that is necessary, some basis from which the court can determine that the detention was not arbitrary or harassing.' *State v. Misuraca*, [157 Ga. App. 361, 364 (276 SE2d 679) (1981).]" *Eisenberger v. State*, supra at 675. This is the type of brief detention authorized by *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968) to balance intrusion against crime prevention or law enforcement. As explained in *Misuraca*, "[m]omentary detention and questioning are permissible if based upon specific and articulable facts, which, taken together with rational inferences from those facts, justify a reasonable scope of inquiry not based on mere inclination, caprice or harassment." See also *State v. Brown*, 178 Ga. App. 307, 308 (1) (342 SE2d 779) (1986); *McElroy v. State*, 173 Ga. App. 685 (1) (327 SE2d 805) (1985); *State v. Golden*, 171 Ga. App. 27, 30 (3) (318 SE2d 693) (1984).

While it appears that the court employed a semblance of the proper test for an automobile stop, it is clear that the court did not apply it properly. It did not take into account all of the evidence but instead based its conclusion on one erroneous finding, and it construed the test too restrictively.

We are mindful that on motion to suppress, the findings of the trial judge on conflicting evidence "should not be disturbed by a reviewing court if there is any evidence to support [them]." *State v.*

*Swift*, 232 Ga. 535, 536 (1) (207 SE2d 459) (1974). See also *State v. Peacock*, 178 Ga. App. 96, 97 (342 SE2d 364) (1986). The hearing judge sits as "trier of fact; credibility and weight, and the resolution of conflicts within the testimony of a witness, are matters to be determined by the judge." *Branch v. State*, 182 Ga. App. 818, 819 (1) (357 SE2d 136) (1987).

Here, on the crucial issue, matters of credibility and weight and conflict resolution are not involved. Based on a consideration of *all* of the material undisputed facts, the officer had reasonable and articulated grounds for the suspicion that the driver of the vehicle was impaired. That being the case, he was legally authorized to stop the driver, to investigate whether the suspicion was well-founded and the driver was in need of apprehension or aid. Failure to do so would have raised a question of dereliction of duty. See *Misuraca*, supra at 365. As stated in *Adams v. Williams*, 407 U. S. 143, 145 (92 SC 1921, 32 LE2d 612) (1972): "The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. On the contrary, *Terry* recognizes that it may be the essence of good police work to adopt an intermediate response."

*Judgment reversed. McMurray, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 3, 1988 —
REHEARING DENIED FEBRUARY 26, 1988.

*John C. Carbo III, Solicitor, Anne Landrum, Assistant Solicitor,* for appellant.
*Albert B. Wallace,* for appellee.