## A95A1873. THE STATE v. WHITFIELD.
(463 SE2d 728)

SMITH, Judge.

The State appeals from the trial court's grant of a motion to suppress in this DUI case. The basis for the motion was that the evidence failed to show the arresting officer had the required reasonable and

articulable suspicion to make an initial investigative stop of the driver, Whitfield. See *Delaware v. Prouse*, 440 U. S. 648 (99 SC 1391, 59 LE2d 660) (1979); *State v. Thomason*, 153 Ga. App. 345, 346-347 (265 SE2d 312) (1980).

The only testimony at the suppression hearing was from the arresting officer, a member of a DUI task force. The officer testified he saw Whitfield's vehicle weave, and he observed the body of Whitfield's vehicle move completely over "the fog line," the white solid line on the right side of the lane. After the officer activated his blue lights, Whitfield failed to stop immediately, made a right turn onto another road, and drove to his home where he parked in the yard. The officer testified that based on his experience and training, when he observes a vehicle that is unable to stay in its lane, such conduct alerts him that further investigation of the driver may be needed. He also indicated that prior to arresting Whitfield, he thought the manner in which Whitfield drove through his front yard to park his vehicle was "odd."

Whitfield was arrested for failure to maintain lane, OCGA § 40-6-48, and DUI, OCGA § 40-6-391 (a). After granting Whitfield's motion to suppress all the evidence obtained by the arresting officer, including the field sobriety tests and chemical tests, the court ordered the entire case dismissed.

The State's sole enumeration of error is that the trial court improperly granted Whitfield's motion to suppress because the officer had sufficient articulable suspicion to warrant stopping Whitfield's vehicle. We agree and reverse.

An officer may conduct a brief investigatory stop of a vehicle if such stop is justified by "specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct." *Evans v. State*, 216 Ga. App. 21, 23 (2) (453 SE2d 100) (1995). The specific articulable suspicion must be based on the totality of the circumstances — objective observations, known patterns of certain kinds of lawbreakers, and inferences drawn and deductions made by trained law enforcement personnel. See *Cheatham v. State*, 204 Ga. App. 483, 484 (419 SE2d 920) (1992). In this case, the officer was a specially trained and experienced DUI task force member assigned to a DUI suppression unit. He testified that he considered the maneuvering of Whitfield's truck significant in light of his DUI experience and that Whitfield's vehicle was not traveling entirely within its lane. The officer's testimony is uncontested regarding Whitfield's erratic driving. The officer stated he followed Whitfield for a total distance of approximately one mile and observed no other violation of the law. He further testified that after he flashed his blue lights, Whitfield failed to yield. However, the fact that Whitfield failed to stop after the officer flashed his blue lights is not relevant to the determination of whether

the officer had specific and articulable facts to justify stopping Whitfield, since the objective facts must be present before the officer initially flashes his lights. *Prouse*, supra.

In *Pupo v. State*, 187 Ga. App. 765, 766 (371 SE2d 219) (1988), we determined that an officer's observation of a motorist's "weaving" could serve as sufficient reason to warrant an investigative stop for a possible DUI violation. See *Ramirez v. State*, 192 Ga. App. 255, 256 (384 SE2d 279) (1989). Based on the officer's undisputed testimony that Whitfield failed to remain within his lane, we find the officer had specific and articulable facts on which to base a brief investigative stop.

The court questioned counsel regarding what conduct on Whitfield's part was unsafe and implied that unless Whitfield were convicted of a crime or driving violation, the officer could not have properly stopped Whitfield for driving under the influence. We rejected a similar analysis in *McConnell v. State*, 188 Ga. App. 653, 654 (374 SE2d 111) (1988). "If the officer acting in good faith believes that an unlawful act has been committed, his actions are not rendered improper by a later legal determination that the defendant's actions were not a crime according to a technical legal definition or distinction determined to exist in the penal statute." Id. Thus, even if Whitfield is acquitted of the failure to maintain lane charge, as long as the officer acted in good faith, his investigative stop is not rendered improper.

Because we are unable to conclude the officer's investigative stop lacked a reasonable, articulable basis for suspicion that the driver might be under the influence of alcohol, we reverse. See *State v. Adams*, 186 Ga. App. 87, 88 (366 SE2d 326) (1988); *State v. Noble*, 179 Ga. App. 785, 786 (347 SE2d 722) (1986); *State v. Peacock*, 178 Ga. App. 96, 97 (342 SE2d 364) (1986).[1]

*Judgment reversed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 3, 1995 —

*Keith C. Martin, Solicitor, Michael P. Baird, Assistant Solicitor,* for appellant.
*Albert B. Wallace,* for appellee.

---

[1] The trial judge in this case also was the trial judge in *Adams, Noble,* and *Peacock.*