## A07A0664. INGRAM v. THE STATE.
(649 SE2d 576)

BERNES, Judge.

Douglas Lamar Ingram appeals his conviction of driving under the influence. OCGA § 40-6-391 (a) (5). He claims that the trial court erred in denying his motion to suppress evidence seized during a traffic stop. We disagree and affirm.

We review the trial court's findings as to disputed facts in a ruling on a motion to suppress to determine whether the ruling was clearly erroneous. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994). If the evidence is undisputed and there is no question as to the credibility of witnesses, as is the case here, we review a trial court's application of the law to undisputed facts de novo. Id.

The evidence shows that at approximately 12:15 a.m. on the morning of July 11, 2004, a Dawson County Sheriff's officer received a telephone call on his personal cell phone from an off-duty captain. The captain, who had been unsuccessful in contacting his dispatch and decided to call an on-duty officer with his information, advised the officer to be on the lookout for a white Ford pickup truck with dual rear tires, known as a "dually," which was weaving on the roadway. The captain told the officer that he was driving behind the truck, which was currently traveling on Highway 136 toward Dawsonville. The officer drove to Highway 136 and proceeded in the direction indicated by the captain, and traveled three to four miles until he encountered a white Chevrolet pickup truck with dual rear tires parked in the middle of the intersection of Highway 136 and Old Henry Grady Highway, "blocking the traffic." The truck began moving when the officer pulled in behind it, so the officer activated his patrol car's blue lights, and the truck pulled over.

As the officer approached the truck he smelled a very strong odor of alcohol on the driver, Ingram, who staggered as he exited the vehicle. The captain arrived at the scene shortly thereafter and confirmed that this was the truck he had seen earlier. The officer administered a field sobriety test, after which he formed the opinion that Ingram was under the influence of alcohol to the extent that he was less safe to drive. Ingram's subsequent breath test showed a blood alcohol concentration over the legal limit.

Ingram argues that the officer did not have sufficient cause to initiate the traffic stop of his vehicle. We disagree. "A vehicle stop pursuant to a police lookout requires specific and articulable facts which, together with rational inferences drawn therefrom, reasonably warrant the intrusion." (Citation omitted.) *Brown v. State*, 278 Ga. 724, 727 (2) (609 SE2d 312) (2004). Such facts were presented to the detaining officer in this case. The officer was given a particularized description of the vehicle — a white Ford dually pickup truck,

which was conveyed to him over the telephone by a police captain who was personally observing the vehicle weaving in traffic. See, e.g., *Hestley v. State*, 216 Ga. App. 573, 574-575 (1) (455 SE2d 333) (1995) (reasonable suspicion for stop present where, among other things, officer on lookout for a white Chevrolet panel van that "didn't have a lot of windows," encountered a white Chevrolet panel van in area reported by concerned citizen) (punctuation omitted). See also *Walton v. State*, 194 Ga. App. 490, 491 (2) (390 SE2d 896) (1990) ("[i]nformation which police transmit to one another, by any accepted means of communication, can provide" reasonable cause to initiate a traffic stop) (citation omitted). The officer knew the road and direction of travel of the suspected vehicle. See *Boone v. State*, 282 Ga. App. 67, 70 (2) (637 SE2d 795) (2006) (truck's color, number of occupants, road and direction of travel provided articulable suspicion to support traffic stop). Further, when he came upon Ingram's truck, it was parked in the intersection in violation of the traffic laws. See OCGA § 40-6-203 (a) (1) (C) (with exceptions not applicable here, "no person shall: . . . [s]top, stand, or park a vehicle[ ] . . . [w]ithin an intersection"); *State v. Adams*, 186 Ga. App. 87, 88 (366 SE2d 326) (1988) (officer's observation of a traffic violation gave the officer sufficient cause to stop appellant's vehicle; the officer's decision not to charge appellant with a traffic violation but only the more serious DUI charge was immaterial). That the officer stopped a white Chevrolet dually truck and not a white Ford dually truck does not, in light of the other circumstances, demonstrate that the intrusion was not reasonably warranted.

Ingram contends that this case is like *Vansant*, in which our Supreme Court concluded that an officer who stopped a white van after receiving a report that a white van had been involved in a hit and run did not have the requisite particularized basis for suspecting the driver of criminal activity. 264 Ga. at 321 (2). The Court in *Vansant* noted that, among other things, the officer did not have a particularized description of the van, did not know its direction of travel, and did not observe criminal activity by the person stopped. Id. These factors, absent in *Vansant*, are present here.

Specific, articulable facts, combined with the rational inferences therefrom, warranted the traffic stop. Accordingly, the trial court did not err in denying Ingram's motion to suppress.

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED JULY 9, 2007.

*David Burroughs*, for appellant.

*Lee Darragh, District Attorney, Michael D. Morrison, Assistant District Attorney*, for appellee.