## 58318. WILLIAMS v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction in a jury trial for the offense of unlawfully possessing a quantity of marijuana with intent to distribute in violation of the Georgia Controlled Substances Act. *Held:*

1. On February 1, 1978 a police officer in Albany, Georgia received a radio message to be on the lookout for a described pickup truck and its driver which had been seen stopped along a highway a few hours earlier by a Georgia

State Patrol officer. A light colored bag with something in it was observed under the hood by a wheel well. The truck and driver were gone when the assistance summoned by the officer had arrived.

The officer testified that while on duty he saw the pickup parked at a service station. As he walked up to the vehicle the defendant came up and said it was his. The hood was up and the officer did not see any bag in the engine compartment. From the outside of the truck the officer observed a white bag on the floor of the cab. He asked the defendant if he could look inside the truck. The defendant said, "Sure, go ahead." Opening the door, the officer reached in, looked into the white pillowcase bag, and saw a quantity of green leafy substance in clear plastic bags which he suspected to be marijuana. The defendant then offered him money to not arrest him. The officer placed defendant under arrest.

The defendant testified that when the officer asked to look in his vehicle, he refused permission, objected to the officer entering it, and told him he had to have a warrant.

The trial judge denied a motion to suppress the bag and its contents, which were established as being marijuana.

The issue is whether the search of the pickup and the seizure of the marijuana in the pillowcase were lawful. The defendant claims no probable cause existed for the search. The legality of the search is predicated on consent. "Probable cause and a warrant are not required for a search and seizure which is conducted pursuant to consent." *McKendree v. State,* 133 Ga. App. 295, 296 (211 SE2d 154); *State v. Rivers,* 142 Ga. App. 96 (235 SE2d 393). A consent to search must be the product of an essentially free and unrestrained choice by its maker. Schneckloth v. Bustamonte, 412 U. S. 218 (93 SC 2041, 36 LE2d 854). There is no indication there were any coercive acts by the officer or involuntary acts by the defendant. "[T]he trial court's decision on questions of fact and credibility at a suppression hearing must be accepted unless clearly erroneous. Lego v. Twomey, 404 U.S. 477 (1972); United States v. Watson, 469 F2d 362, 365 (5th Cir. 1972); *Johnson v. State,* 233 Ga. 58 (209 SE2d 629)," *Woodruff v. State,* 233 Ga. 840, 844 (213 SE2d 689). The

trial judge did not err, in denying the motion to suppress.

2. The remaining enumerations of error are nonmeritorious.

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

Submitted September 10, 1979 — Decided September 24, 1979 — Rehearing denied October 19, 1979.

*Clayton Jones, Jr.,* for appellant.

*William S. Lee, District Attorney, Richard L. Hodge, Assistant District Attorney,* for appellee.