## 64784. FULLER v. THE STATE.

SHULMAN, Chief Judge.

A jury convicted appellant of conspiracy, possession of tools for the commission of a crime, and two counts of criminal use of an article with an altered identification number. The trial court set aside appellant's conviction for possession of tools, concluding that it was a lesser included offense of conspiracy. He now appeals, citing as error the denial of his motion to suppress, the denial of his motions for new trial and mistrial, one element of the charge given to the jury, and the sufficiency of the evidence with regard to the conspiracy count.

1. Law enforcement officers who searched the car which had been entrusted to appellant discovered two handguns, a razor blade, and several pieces of white T-shirts which had been altered to serve as masks. Appellant maintains that these articles should have been suppressed as the fruits of an illegal arrest and search. We must disagree with appellant's assertions.

From the evidence adduced at the motion to suppress hearing, it can be concluded that the Clayton County District Attorney's office received an unsubstantiated telephonic tip at 8:15 a.m. on May 12, 1980, to the effect that in Rooms 307 and 309 of a local motel an armed robbery was being planned for 9:00 a.m. that morning. While members of the D.A.'s office, one of whom was a deputy sheriff, watched the general area of those rooms, appellant and a companion drove up, exited the car, and entered Room 307. Shortly thereafter, appellant, his companion and two additional men left Room 307, reentered the car and drove away. The men from the D.A.'s office followed appellant and his companions and noticed that the

occupants of the rear seat of appellant's car had apparently become aware of the car following them. Appellant, who was driving the car, then began to take what was described by the D.A.'s investigator as "evasive action" in an apparent attempt to lose the trailing car. Appellant then backed his car into a parking space at a Seven-Eleven store and one of the occupants of the car entered the store. At that point, the car occupied by the D.A.'s personnel was parked so as to block appellant's car, and the three members of the D.A.'s staff exited their car with guns drawn and ordered the occupants of appellant's car to get out of the car. The ensuing search of appellant and his companions was fruitless; however, when asked if the D.A.'s staff and the police officers now present could search the car, appellant gave his permission. The weapons and paraphernalia were discovered, and appellant and his companions were then officially placed under arrest.

Appellant and his companions were "seized" when the members of the D.A.'s staff blocked appellant's car and ordered its occupants to exit. Terry v. Ohio, 392 U.S. 1, 16-20 (88 SC 1868, 20 LE2d 889): Terry v. Ohio and Adams v. Williams, 407 U.S. 143 (92 SC 1921, 32 LE2d 612) "together establish that in appropriate circumstances the Fourth Amendment allows a properly limited 'search' or 'seizure' on facts that do not constitute probable cause to arrest or to search for contraband or evidence of crime." U.S. v. Brignoni-Ponce, 422 U.S. 873, 881 (95 SC 2574, 45 LE2d 607). Hence, we must focus on whether the officials can "point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion [upon the constitutionally protected interests of the private citizen]." Terry v. Ohio, supra, p. 21. "[T]he totality of the circumstances — the whole picture — must be taken into account. Based upon that whole picture the detaining officers must have a particularized and objective basis for suspecting the particular person stopped of criminal activity. [Cits.]" U.S. v. Cortez, 449 U.S. 411, 417 (101 SC 690, 66 LE2d 621). Furthermore, "[s]o long as the officer is entitled to make a forcible stop, and has reason to believe that the suspect is armed and dangerous, he may conduct a weapons search limited in scope to this protective purpose. [Cit.]" Adams v. Williams, supra, p. 146.

This is not a case in which a law enforcement officer attempted to make an unknown informant's tip the basis of a finding of probable cause to issue a warrant. Compare State v. Evans, 148 Ga. App. 336 (251 SE2d 83). Instead, information was received and an investigation begun. The actions of appellant and his companions while they were under surveillance by the D.A.'s staff members (emergence from the suspected room, awareness of the presence of

the following car, evasive driving techniques, backing the automobile into a parking space of a store susceptible to armed robberies), coupled with the tip of an imminent armed robbery, constituted an articulable suspicion which justified the stopping of appellant and his companions and the extreme caution with which the officers then proceeded. Under Adams v. Williams, the officers were entitled to conduct pat-down searches of the automobile's occupants and detain them briefly in order to maintain the status quo. It was at this time, according to the testimony of two officers at the motion to suppress hearing, that appellant acceded to an officer's request to search the car. The trial court concluded that appellant had voluntarily consented to the search of his car, and " 'the trial court's decision on questions of fact and credibility at a suppression hearing must be accepted unless clearly erroneous. [Cits.]' " *Williams v. State,* 151 Ga. App. 833, 834 (261 SE2d 720). Appellant, citing *Love v. State,* 144 Ga. App. 728, 733 (242 SE2d 278), overruled on other grounds, *Parker v. State,* 161 Ga. App. 37 (288 SE2d 852), argues that his consent could not have been voluntary in light of the presence of "a half-dozen heavily armed lawmen." While we question the ability of the appellate court to make such a broad factual finding as is contained in *Love,* we must conclude that *Love* is distinguishable from the case at bar since the state's witness testified that all guns had been holstered when appellant was asked for and gave his consent to a search of the car. Since no showing has been made that the trial court's factual determination on the voluntariness of appellant's consent was clearly erroneous, it and the denial of the motion to suppress must stand.

2. "A person commits the offense of conspiracy to commit a crime when he together with one or more persons conspires to commit any crime and any one or more of such persons does any overt act to effect the object of the conspiracy." Code Ann. § 26-3201 (OCGA § 16-4-8). Appellant maintains that his motion for new trial should have been granted since there was not sufficient evidence to support a finding that an overt act in furtherance of the alleged conspiracy had occurred prior to the arrest of the four men.

"Conspiracy may be established by inference, as a deduction from acts and conduct establishing a common design to act together for the accomplishment of an unlawful purpose. [Cit.]" *Hart v. State,* 139 Ga. App. 791, 792 (229 SE2d 673). Appellant was driving the automobile in which he and the other occupants possessed weapons and masks suitable for use in an armed robbery. We hold that the possession of tools for the commission of a crime, itself a violation of Code Ann. § 26-1602 (OCGA § 16-7-20 (a)), is an overt act upon which an armed robbery conspiracy conviction may be based. Therefore, appellant's enumeration is without merit.

3. Appellant next argues that the trial court should have granted a mistrial because the assistant district attorney allegedly commented upon the defendant's failure to testify. See Code Ann. § 27-405 (OCGA § 17-7-28). In his closing remarks, the assistant district attorney noted that the possessor of a car was presumed to possess everything in the car, that this was a rebuttable presumption, but that there had been no rebuttal and the defense had called no witnesses. "[W]here the state has made its proof and particularly where a conviction is authorized unless the defendant offers a rebuttal, it is not an improper comment to point out that the defendant has offered no explanation . . ." *Valenzuela v. State,* 157 Ga. App. 247 (3) (277 SE2d 56). In light of this court's holding in *Valenzuela,* the prosecutor's remarks were not improper, and it was not error to refuse to grant a mistrial.

4. In his last enumeration of error, appellant asserts that a portion of the trial court's jury instructions resulted in an impermissible shift of the burden of proof to appellant. See Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39). The trial court charged: "where one owns or is the lessee of an automobile, a presumption exists that he is in possession of the entire automobile and all the property therein or thereon. However, this is a rebuttable presumption and may be overcome by proof that others had access to the automobile. Whether or not this presumption is overcome is a question for the jury alone." In another portion of the charge, the jury was informed that the state had the burden of proving all elements of the offenses beyond a reasonable doubt.

"This was not the kind of mandatory presumption presented in Sandstrom, which could have been interpreted by reasonable jurors as either conclusive or burden-shifting. As the Court wrote, Sandstrom's jury 'were not told that the presumption could be rebutted . . .' 61 LE2d 39, supra.

"The charges given [the] jury on this subject, taken together, created merely a permissive presumption of the type considered in County Court of Ulster v. Allen, 442 U. S. 140 (99 SC 2213, 60 LE2d 777) (1979). Such a presumption 'allows — but does not require — the trier of fact to infer the elemental (element of the crime) fact from proof by the prosecutor of the basic one and that places no burden of any kind on the defendant.' Id., 60 LE2d 777." *Skrine v. State,* 244 Ga. 520, 521 (260 SE2d 900). Appellant's enumeration is meritless.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED JANUARY 6, 1983.

*Paul S. Weiner,* for appellant.

*Robert E. Keller, District Attorney, Mary Jane Stewart, Assistant District Attorney,* for appellee.