72322. WILSON v. THE STATE.
(347 SE2d 709)

McMURRAY, Presiding Judge.

Via indictment, defendant and a co-defendant were accused of trafficking in cocaine. Defendant was tried separately and found guilty of the crime charged by the court sitting without a jury. He was sentenced to serve 20 years in the penitentiary with 5 years on probation (conditioned upon the payment of a $250,000 fine). In this appeal, defendant contends that the trial court erred in denying his motion to suppress evidence and that the evidence was not sufficient to support his conviction.

A review of the evidence adduced below demonstrates that on April 29, 1985, defendant and one Robert Walker (co-defendant) were travelling north on Interstate 95 in the early morning hours. Defendant was driving a 1980 Volvo automobile owned by Walker, who was sitting in the passenger seat. Because defendant was speeding (travelling over 70 m.p.h.) he attracted the attention of Deputy Groover with the Liberty County Sheriff's Department. The officer stopped the Volvo and asked defendant to step out of the car. He noticed that defendant was acting real nervous and he appeared to be under the

influence of something because his eyes were glassy. Defendant gave the officer his driver's license and when the officer asked about the vehicle registration, defendant told him that Walker had the registration. Deputy Groover asked defendant to get Walker out of the car along with the registration. Defendant complied and while Walker obtained the registration, the officer radioed for a backup unit. As Walker approached the deputy he was "staggering on his feet" and the officer believed "he was under the influence of something heavy." When the backup unit arrived, Deputy Groover asked defendant if he would mind opening the trunk of the Volvo. According to Deputy Groover, defendant opened the trunk without hesitation. A suitcase was in the trunk and the defendant was asked if he would mind opening it. Defendant put the suitcase on the ground and opened it up whereupon it was revealed to contain a large amount of cash. Defendant told Deputy Groover that he and Walker were gamblers and that the suitcase contained "gambling money." The officer testified that at that point Walker began inching towards the Volvo. The deputies (backup support which had arrived by this time) became "suspicious" and apprehensive. They searched Walker and placed him in a squad car "for their protection." According to Deputy Groover, Walker was not under arrest at that time. Deputy Groover noticed a briefcase and a bowling bag in the passenger compartment of the Volvo and he asked defendant if he would mind opening them. The briefcase had a combination lock. Defendant opened the briefcase as he knew the combination. It contained more money. (Together, the suitcase and briefcase contained over $47,000.) When defendant opened the bowling bag, Deputy Groover saw plastic bags containing white powder. Defendant advised that the powder was "face powder." However, the officer, based on his experience, believed it was cocaine. (Laboratory analysis proved the officer was correct. The bag contained over 11 pounds of the illegal substance.) He thereupon arrested defendant and Walker.

The officer testified that defendant cooperated freely when he was asked by the officer to open the trunk and the various bags. Deputy Groover testified he made no threats or promises to defendant at any time. Walker testified, on the other hand, that the officer's right to look in the trunk was disputed. He stated that the trunk and bags would not have been opened in the absence of coercion. *Held*:

1. Following a hearing upon defendant's motion to suppress, the trial court concluded that the deputy had probable cause to search the vehicle and its contents without a warrant. In so ruling, the trial court also found that defendant consented voluntarily to the search. Pretermitting any questions concerning probable cause, we find the search was lawful because it was conducted pursuant to the consent of defendant. " 'Probable cause and a warrant are not required for a

search and seizure which is conducted pursuant to consent.' *McKendree v. State*, 133 Ga. App. 295, 296 (211 SE2d 154); *State v. Rivers*, 142 Ga. App. 96 (235 SE2d 393). A consent to search must be the product of an essentially free and unrestrained choice by its maker. Schneckloth v. Bustamonte, 412 U. S. 218 (93 SC 2041, 36 LE2d 854). There is no indication there were any coercive acts by the officer or involuntary acts by the defendant. '(T)he trial court's decision on questions of fact and credibility at a suppression hearing must be accepted unless clearly erroneous. *Lego v. Twomey*, 404 U. S. 477 (1972); *United States v. Watson*, 469 F2d 362, 365 (5th Cir. 1972); *Johnson v. State*, 233 Ga. 58 (209 SE2d 629),' *Woodruff v. State*, 233 Ga. 840, 844 (213 SE2d 689). The trial judge did not err in denying the motion to suppress." *Williams v. State*, 151 Ga. App. 833, 834 (261 SE2d 720). Accord *Fuller v. State*, 165 Ga. App. 55, 57 (299 SE2d 397).

2. Defendant contends the evidence was not sufficient to support his conviction under the equal access doctrine. In this regard, he argues that the bowling bag was found behind the passenger seat in Walker's automobile and that he was *merely* the driver of the vehicle. Defendant's contention is without merit. There was other evidence connecting defendant to the contraband. Defendant misleadingly characterized the money in the bags as "gambling money"; and he misleadingly characterized the cocaine as "face powder." Additionally, defendant knew the combination to the lock on one of the bags. This additional evidence was sufficient to demonstrate that defendant solely or jointly possessed the cocaine. *Fears v. State*, 169 Ga. App. 172 (1) (312 SE2d 174); *Benson v. State*, 172 Ga. App. 135 (322 SE2d 339). The evidence authorized any rational factfinder to find defendant guilty of the crime charged beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Benson v. State*, 172 Ga. App. 135, supra.

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED JULY 14, 1986.

*Joseph C. Kitchings*, for appellant.

*Dupont K. Cheney, District Attorney, J. Thomas Durden, Jr., Assistant District Attorney*, for appellee.