## 75177. JORDAN v. THE STATE.
(365 SE2d 448)

BENHAM, Judge.

In her appeal from her conviction for trafficking in cocaine, appellant enumerates as error only the denial of her motion to suppress. She contends that the trial court was bound by the evidence to find that the exigent circumstances under which her car was searched were manufactured and that she did not consent to the search of her car. We cannot agree with that contention.

The arresting officer testified that an informant, working with the police, arranged to buy cocaine from appellant. Police officers followed appellant from her home in Cobb County into Douglas County, where the sale was to occur. On the way to the expected sale, the officers became concerned that appellant had detected their presence. The arresting officer testified that he then pulled up behind appellant's car and observed appellant and her companion sharing a cigarette which the officer suspected to be marijuana. He pulled up beside appellant's car and observed appellant's companion hold the cigarette down as though she were concealing it. The car was then stopped. The officer testified that another officer provided and had appellant sign a form in which she consented to a search of her car, reciting that she was aware of her right to refuse consent for the search. The arresting officer also testified that appellant was under no coercion at all when she gave consent for the search. The consent form was admitted into evidence. The officer was the only witness at the hearing on the motion to suppress.

" 'The trial court's decision on questions of fact and credibility at a suppression hearing must be accepted unless clearly erroneous.' [Cits.]" *Wilson v. State*, 179 Ga. App. 780 (1) (347 SE2d 709) (1986). The evidence at the hearing in this case authorized the trial court to find that the consent to search was valid. That finding was sufficient to authorize denial of appellant's motion to suppress. Id. We find no error.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED JANUARY 4, 1988 —
REHEARING DENIED JANUARY 29, 1988 —

*Lee Sexton*, for appellant.
*Frank C. Winn*, District Attorney, *David McDade*, Assistant District Attorney, for appellee.