## 75471. MAYFIELD v. THE STATE.
(566 SE2d 836)

SOGNIER, Judge.

Oliver Mayfield brings this appeal from his convictions of trafficking in cocaine and possession of marijuana with intent to distribute.

Appellant contends in his sole enumeration of error that the trial

court erred by denying his motion to suppress and for the return of property. In the hearing on the motion, evidence was adduced that on the night of January 8, 1987, Georgia State Patrolman Larry Bennett observed a vehicle, travelling north on Interstate 95 ahead of him, change lanes without using any signal lamps in the process of passing a tractor-trailer truck. Due to the darkness, Trooper Bennett could not tell whether hand signals were used. The trooper stopped the vehicle, a rental car with a paper license tag, which was driven by appellant, its sole occupant. After checking appellant's South Carolina driver's license and the rental car contract under which appellant was a listed driver, Trooper Bennett advised appellant that he had been stopped both for improper lane changes and for the purpose of checking the registration of the vehicle since the displayed tag was not any type of legal tag. Trooper Bennett, who was the sole officer at the scene, requested appellant's permission to look in the trunk of the automobile. Appellant agreed and opened the trunk, revealing two tote bags and a box covered by a blanket. The evidence conflicts whether appellant authorized Trooper Bennett to move the blanket, but both appellant and Trooper Bennett testified that appellant refused to allow the trooper to look inside the box itself. Upon appellant's withdrawal of his consent, Trooper Bennett immediately ceased searching the trunk. The trooper then told appellant to shut the trunk and to follow him to the sheriff's office where appellant could post his bond for the improper lane change offense. The testimony by Trooper Bennett and appellant is in direct contradiction at this point whether or not the trooper thereafter told appellant that a search warrant would be obtained upon their arrival at the sheriff's office. Both agree, however, that appellant did not shut the trunk but instead stated to the trooper to go ahead and look, "you're going to search my car anyway." Trooper Bennett opened the box, revealing several jars containing a leafy material which appellant identified to the trooper as marijuana. Appellant was then placed under arrest for both the improper lane changes and the marijuana possession and Trooper Bennett completed his search of the trunk, finding in the two tote bags a material later identified as cocaine. Trooper Bennett estimated that at most 6 to 8 minutes elapsed between the time of the stop to the time he looked into the box containing the marijuana.

The trial court did not err by denying the motion to suppress. We do not agree with appellant's argument that Trooper Bennett could not legally have stopped appellant for changing lanes in violation of OCGA § 40-6-123 (b). In the absence of any signal visible in the darkness, the trooper had probable cause to stop the vehicle for a possible violation of OCGA § 40-6-123 (b) and was not obligated to assume appellant had vainly indicated such lane changes by means of hand and arm signals, the alternate method for signalling lane

changes as provided for in OCGA § 40-6-124 (a). We note that appellant admitted in the hearing on the motion to suppress that he did not, in fact, signal his lane changes.

While Trooper Bennett may not have had probable cause to search appellant's vehicle, as appellant argues, it is well established that " ' "[p]robable cause and a warrant are not required for a search and seizure which is conducted pursuant to consent." [Cits.]' " *Wilson v. State*, 179 Ga. App. 780, 781-782 (1) (347 SE2d 709) (1986). The evidence here indicates that appellant, an adult of average intelligence, was asked by a solitary state trooper during a 6-to-8-minute period to allow the trooper to search the trunk of appellant's vehicle. The record is devoid of any trace of physical coercion of appellant and the only evidence of mental coercion lies in the contested evidence regarding whether the trooper "threatened" appellant with a search warrant. The trial court determined that while appellant may have consented to the search because of feelings in his own mind that a search warrant could and would be obtained, the conflict in the evidence was such that the trial court ruled the consent was voluntary because it was not brought on by any actual threats or promises made by Trooper Bennett. "Unless clearly erroneous, the trial court's ruling on disputed facts and credibility at a suppression hearing must be accepted on appeal. [Cit.] The trial judge's ruling that [appellant] voluntarily consented to the . . . search is supported by the evidence. We find no error." *Dean v. State*, 250 Ga. 77, 80 (2a) (295 SE2d 306) (1982).

We do not agree with appellant that Trooper Bennett's subsequent search of the tote bags in the trunk was improper where the evidence supports a finding that appellant, after revoking his earlier withdrawal of consent to search and telling the trooper to go ahead, placed no limits on the scope of that search. See *Bell v. State*, 162 Ga. App. 79, 81 (290 SE2d 187) (1982). Appellant's final argument regarding Trooper Bennett's failure to advise him that he could withhold his consent to the search has long been rejected as not essential to the validity of a consent to search a car. *Woodruff v. State*, 233 Ga. 840, 844 (3) (213 SE2d 689) (1975). Also, we note that appellant's refusal to allow the trooper to view the contents of the box, although subsequently revoked, indicates appellant was well aware of his right to refuse to consent to a search.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED MARCH 7, 1988.

*Grayson P. Lane*, for appellant.
*Glenn Thomas, Jr., District Attorney, Robert L. Crowe, Assis-*

*tant District Attorney*, for appellee.