### 77467. VILLA v. THE STATE.
### 77468. SANTOVENIA v. THE STATE.
(379 SE2d 417)

McMURRAY, Presiding Judge.

Defendants were indicted jointly for trafficking in cocaine, theft by taking and escape. A review of the evidence adduced at a joint jury trial revealed the following.

In the early morning hours of February 12, 1987, defendants were traveling north on Interstate 95 through McIntosh County, Georgia when the vehicle in which they were traveling overturned. Officers from the McIntosh County Sheriff's Department and from the Georgia State Patrol arrived at the scene and searched the overturned vehicle. They found no contraband. Bobby Porch of L & B Wrecker Service was summoned and he removed the overturned vehicle to his place of business, L & B Service Center. Defendants went with Porch to the service center and, after the wrecked vehicle was unloaded, Porch observed defendant Santovenia remove the out-of-state license plate from the wrecked vehicle. (Upon inquiry, defendants informed Porch that they intended to use the license plate on another vehicle.) Porch also observed defendant Villa take a pair of boots from the vehicle, remove "a black-looking" plastic bag from the boots and "put it into his pants. . . ." Defendant Villa transferred the black plastic

bag from his pants to a suit bag. Defendants then requested Porch to take them to a nearby Chevron service station. Porch agreed to do so but, prior to leaving he contacted the McIntosh County Sheriff's Office because he suspected that the wrecked vehicle was stolen.

Officer Zorn of the Darien City Police Department arrived at the Chevron station and detained defendants for Deputy Proudfoot of the McIntosh County Sheriff's Office. When Deputy Proudfoot arrived, he inquired about the removal of the license plate from the wrecked vehicle. Defendant Villa informed the deputy that he intended to "put [the license plate] on another vehicle." Deputy Proudfoot then asked defendant Villa if he could search a suit bag that was lying on the ground near defendants. Defendant Villa consented.

When the suit bag was opened, Deputy Proudfoot discovered a black plastic bag which contained a substance appearing to be cocaine. Officer Zorn asked the defendants what the substance was and defendant Villa told him that "it was medicine." After Officer Zorn made further inquiry, defendants were placed under arrest. However, they resisted and fled in Officer Zorn's patrol car. A high speed chase ensued and concluded with defendants' apprehensions. It was later discovered that the substance found in the suit bag contained over 193 grams of pure cocaine. From this and other evidence adduced at trial, defendants were found guilty of the crimes charged. Defendant Villa appeals in Case No. 77467 and defendant Santovenia appeals in Case No. 77468. *Held*:

## Case No. 77467

1. In his first enumeration of error, defendant Villa contends the trial court erred in denying his motion to suppress evidence, arguing that Deputy Proudfoot had no probable cause to search the suit bag.

"Pretermitting any questions concerning probable cause, we find the search was lawful because it was conducted pursuant to the consent of defendant [Villa]. ' "Probable cause and a warrant are not required for a search and seizure which is conducted pursuant to consent." *McKendree v. State*, 133 Ga. App. 295, 296 (211 SE2d 154); *State v. Rivers*, 142 Ga. App. 96 (235 SE2d 393). A consent to search must be the product of an essentially free and unrestrained choice by its maker. *Schneckloth v. Bustamonte*, 412 U. S. 218 (93 SC 2041, 36 LE2d 854). [In the case sub judice, there] is no indication there were any coercive acts by the [officers] or involuntary acts by the [defendants]. "(T)he trial court's decisions on questions of fact and credibility at a suppression hearing must be accepted unless clearly erroneous. *Lego v. Twomey*, 404 U. S. 477 (1972); *United States v. Watson*, 469 F2d 362, 365 (5th Cir. 1972); *Johnson v. State*, 233 Ga. 58 (209 SE2d 629)," *Woodruff v. State*, 233 Ga. 840, 844 (213 SE2d 689). The

trial judge did not err in denying the motion to suppress.' *Williams v. State*, 151 Ga. App. 833, 834 (261 SE2d 720). Accord *Fuller v. State*, 165 Ga. App. 55, 57 (299 SE2d 397)." *Wilson v. State*, 179 Ga. App. 780 (1), 782 (347 SE2d 709).

2. Next, defendant Villa contends the trial court erred in failing to conduct a hearing on his motion for change of venue.

Defendant Villa filed a motion for change of venue before arraignment, on the morning of trial and alleged that he could not obtain a fair and impartial jury because "[t]he present social and political climate in [the county of his trial] is such that pretrial publicity is prejudicial and inflamatory to a degree that a fair trial cannot be had. . . ." During voir dire, defendant Villa requested that a hearing be conducted on his motion. The trial court denied the motion and stated that the motion for change of venue was "not timely filed." Although defendant Villa filed his motion for change of venue on the morning of trial, the motion was timely filed before arraignment.

" ' "Where an application is made by one accused of crime, for change of venue on the ground that an impartial jury can not be obtained, the law devolves on the trial judge the duty and responsibility of making an examination and informing himself of the truth of the averments in the application. . . ." *Coleman v. State*, 141 Ga. 737 (82 SE 227); *Best v. State*, 26 Ga. App. 671 (1) (107 SE 266).' *Wilson v. State*, 28 Ga. App. 574 (112 SE 295)." *Grenoble v. State*, 41 Ga. App. 663, 664 (154 SE 304). In Case No. 77467, the trial court should have conducted a hearing in order to allow defendant Villa an opportunity to present evidence in support of his motion for change of venue. Consequently, we remand Case No. 77467 to the trial court for a hearing and appropriate findings concerning the issue raised by defendant Villa's motion for change of venue and determination of whether a new trial is necessary. As this concludes the present appeal, in order for there to be an appellate review of some future order entered by the trial court, the appropriate appellate procedure must be followed.

3. In his final enumeration of error, defendant Villa contends the trial court erred in "charging parties to a crime where an indictment charges trafficking which requires actual possession." This contention is without merit. See *Barrett v. State*, 183 Ga. App. 729, 733 (2), 735, 736 (360 SE2d 400). However, assuming the contrary, there was no harm to defendant Villa as there was more than sufficient evidence to enable a rational trier of fact to find, beyond a reasonable doubt, that defendant Villa was in actual physical possession of the cocaine and guilty of the offense of trafficking in cocaine. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Case No. 77468*

4. In his first and second enumerations of error, defendant Santovenia contends the trial court erred in denying his motion to suppress and his motion for new trial, arguing that the law enforcement officers were without probable cause to search the suit bag in which the cocaine was discovered. This argument is without merit for the reasons stated in Division 1 herein.

5. In his final enumeration of error, defendant Santovenia challenges the sufficiency of the evidence, arguing that his presence at the scene of the crime is insufficient to sustain his conviction for trafficking in cocaine.

"OCGA § 16-2-20 (b) (Code Ann. § 26-801) provides, in pertinent part, that '(a) person is concerned in the commission of a crime only if he: (1) directly commits the crime; . . . (or) (3) intentionally aids or abets in the commission of the crime . . .' Mere presence at the scene of a crime is insufficient to convict one of being a party to the crime, but ' "presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred." ' *Jones v. State*, 242 Ga. 893 (252 SE2d 394). . . . Criminal intent may also be demonstrated by defendant's 'words, . . . demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted.' OCGA § 16-2-6 (Code Ann. § 26-605); *Brooks v. State*, 151 Ga. App. 384 (259 SE2d 743) (1979)." *Parham v. State*, 166 Ga. App. 855, 856 (1) (305 SE2d 599).

In the case sub judice, defendant Santovenia was not only at the scene of the crime, he and his companion, defendant Villa, were traveling in a vehicle in which over 193 grams of pure cocaine were transported. Most persuasively, however, was defendant Santovenia's reaction when confronted by the law enforcement officers with the suspected cocaine. He and defendant Villa stole a patrol car and fled the scene, attempting to elude several law enforcement officers who were in hot pursuit. This evidence and other evidence adduced at trial was sufficient to enable a rational trier of fact to find defendant Santovenia guilty, beyond a reasonable doubt, of the offense of trafficking in cocaine. *Jackson v. Virginia*, 443 U. S. 307, supra. See *Barrett v. State*, 183 Ga. App. 729, 733 (2), supra. Compare *Crenshaw v. State*, 183 Ga. App. 527 (1), 528 (359 SE2d 419).

*Judgment affirmed in Case No. 77467 and case remanded for a hearing pursuant to Division 2. Judgment affirmed in Case No. 77468. Pope and Benham, JJ., concur.*

DECIDED FEBRUARY 15, 1989 —
REHEARINGS DENIED MARCH 1, 1989.

*William O. Cox*, for appellant (case no. 77467).

*O. Dale Jenkins, Samuel G. Oliver*, for appellant (case no. 77468).

*Dupont K. Cheney, District Attorney, J. Thomas Durden, Assistant District Attorney*, for appellee.