A89A1768. BENAVIDES v. THE STATE.
(388 SE2d 886)

McMURRAY, Presiding Judge.

Defendant was convicted of the offenses of trafficking in cocaine and of speeding. He now appeals from his conviction and sentence for trafficking in cocaine only. *Held*:

In his sole enumeration, defendant contends the trial court erred in denying his motion to suppress.

The evidence adduced at the motion to suppress hearing revealed the following: At about 11:00 in the evening of January 30, 1987, Trooper Neal Jump and Trooper Dahl McDermitt of the Georgia State Patrol "were running stationary radar [at] approximately mile post 36 on I-95 [when they observed] a vehicle traveling northbound at 68 miles per hour in a 55 [miles per hour] zone." The troopers pursued the vehicle with their "blue lights" activated. The driver of the speeding automobile stopped in the emergency lane and Trooper Jump approached the automobile and observed a woman in the front passenger seat and two sleeping children in the back seat. Trooper Jump "advised the driver to step out of the vehicle with his driver's license and registration. . . ." Defendant exited the automobile and produced his driver's license and an automobile rental agreement. Trooper Jump examined the rental agreement and noticed that the automobile had been rented in Miami, Florida, a known drug source city, and that the vehicle was scheduled to be returned the next day. The trooper then advised defendant that he had been stopped for speeding and that "a driver citation was going to be issued against him. . . ."

As Trooper McDermitt was preparing the speeding ticket, Trooper Jump inquired of defendant's itinerary. Defendant said that he and his wife and children were on vacation and that they were on their way to "upstate New York." Trooper Jump then requested defendant's permission to search the trunk of the rented vehicle. Defendant "said he didn't mind [and defendant] went and got his keys [and] came back and opened up the trunk."

Inside the trunk, Trooper Jump noticed "only one small duffel bag with the top open." Defendant indicated that the bag was his and Trooper Jump questioned defendant about the small amount of luggage defendant's family was carrying for vacation. Defendant explained that they were planning to purchase new clothing in New York. Trooper Jump then asked if he could search the duffel bag. Defendant consented and the trooper found one article of clothing inside the bag. Under this article of clothing, Trooper Jump found "a white plastic bag." He reached inside the plastic bag and felt several small rectangular "brick" like objects. The trooper suspected that these objects were packaged cocaine and, without drawing the objects from the plastic bag for visual observation, the trooper asked defendant, " 'Is this your bag?' What you got in it?' " Defendant responded, " 'It's not my bag. I want a search warrant.' " Defendant then said, "it was his bag and that there was cheese inside." Trooper Jump "laid [the plastic bag] back down into the duffel bag[;] placed [defendant] in [the] patrol car[; advised defendant of his *Miranda v. Arizona*, 384

U. S. 436 (86 SC 1602, 16 LE2d 694), rights] and . . . called for a drug squad unit to come to the scene." A search warrant was obtained for the rental automobile and "several keys [kilos] of [suspected] cocaine" were found in the duffel bag. From these facts, defendant argues that probable cause was lacking to authorize a search of his vehicle.

"[I]t is well established that ' " '(p)robable cause and a warrant are not required for a search and seizure which is conducted pursuant to consent.' (Cits.)" ' *Wilson v. State*, 179 Ga. App. 780, 781-782 (1) (347 SE2d 709) (1986)." *Mayfield v. State*, 186 Ga. App. 233, 235 (366 SE2d 836). In the case sub judice, it is true that Trooper Jump did not initially have probable cause for searching defendant's vehicle. However, defendant gave his consent to search the automobile's trunk and the duffel bag and Trooper Jump found what he suspected to be cocaine before defendant withdrew his consent. Nonetheless, defendant contends the State failed to demonstrate the voluntary nature of the consent.

"Where the state seeks to justify a warrantless search on grounds of consent, it 'has the burden of proving that the consent was, in fact, freely and voluntarily given.' *Bumper v. North Carolina*, 391 U. S. 543, 548 (88 SC 1788, 20 LE2d 797) (1968). . . . The voluntariness of a consent to search is determined by looking to the 'totality of the circumstances,' *Schneckloth v. Bustamonte*, 412 U. S. 218, 229 (93 SC 2041, 36 LE2d 854) (1973), including such factors as the age of the accused, his education, his intelligence, the length of detention, whether the accused was advised of his constitutional rights, the prolonged nature of questioning, the use of physical punishment, and the psychological impact of all these factors on the accused. In determining voluntariness, no single factor is controlling. Id. at 226." *Dean v. State*, 250 Ga. 77, 78 (2a), 79, 80 (295 SE2d 306).

In the case sub judice, Trooper Jump testified that neither he nor Trooper McDermitt threatened or coerced defendant to consent to a search of the automobile's trunk or the duffel bag. More specifically, Trooper Jump explained that he asked defendant's permission to conduct the search while Trooper McDermitt was writing defendant's traffic citation and that defendant positively responded to the request to search, retrieving the keys from the automobile's ignition and opening the trunk. Trooper Jump further testified that at the time of defendant's consent neither he nor Trooper McDermitt had their weapons drawn; that they did not promise defendant any benefit or hope of reward; that defendant did not appear to be under the influence of drugs or alcohol and that defendant did not seem to be suffering from any type of mental impairment. This evidence was sufficient to authorize the trial court's finding that defendant's consent to search the rental automobile's trunk and the duffel bag was made

freely, voluntarily and without coercion by the law enforcement officers. See *Mancil v. State*, 177 Ga. App. 663, 665 (340 SE2d 279). Further, defendant's refusal to allow Trooper Jump to continue searching the duffel bag, after the trooper's digital (fingertip) search of its contents, indicates that defendant was well aware of his right to refuse to consent to a search of the vehicle or the duffel bag. See *Mayfield v. State*, 186 Ga. App. 233, 235, supra.

Defendant also argues that probable cause was lacking for his detention after he withdrew his consent to search. This argument is without merit. The fact that defendant was traveling from a known drug source city; that defendant's travel itinerary seemed inconsistent with the amount of luggage in the vehicle and with the scheduled return date for the rental automobile; that defendant inconsistently claimed ownership of the duffel bag; that defendant appeared to be nervous when questioned by Trooper Jump; and, most importantly, that Trooper Jump discovered objects in defendant's duffel bag with the same physical characteristics of packaged cocaine were sufficient grounds to authorize defendant's arrest for suspected criminal activity. See William W. Daniel's Ga. Criminal Trial Practice (1986 ed.), § 2-10, p. 12. It therefore follows that the search of the duffel bag after defendant withdrew his consent was authorized. See *Williams v. State*, 187 Ga. App. 409, 411 (2), 412 (370 SE2d 497). The trial court did not err in denying defendant's motion to suppress.

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED NOVEMBER 21, 1989 —
REHEARING DENIED NOVEMBER 30, 1989.

*Randall M. Clark*, for appellant.

*Glenn Thomas, Jr., District Attorney, C. Keith Higgins, Assistant District Attorney*, for appellee.