### A92A0389. BARBER v. THE STATE.
(418 SE2d 436)

BEASLEY, Judge.

Appellant, who was a school bus driver, was convicted of two counts of simple battery (OCGA § 16-5-23.1 (a)), one count of reckless conduct (OCGA § 16-5-60 (b)), and one count of DUI (OCGA § 40-6-391). The evidence showed she drove a bus load of elementary school children in a reckless manner while intoxicated and struck or slapped two of the children.

1. Appellant contends that the court erred in denying her motion to disqualify the solicitor for prosecutorial misconduct, i.e., his pre-

trial statements concerning appellant's character, his personal opinion of her guilt, and her attempts to enter a guilty plea.

These statements were allegedly made by the solicitor in a meeting at the elementary school attended by the victims, their parents, and the general public, and appellant argues that in making these statements the solicitor violated State Bar Disciplinary Rule 7-107 (b).

Appellant argued at trial that the solicitor's statements constituted overzealousness and a personal rather than solely a professional interest in the case and resulted in prejudicial pretrial publicity biasing witnesses and prospective jurors. When the solicitor objected to a transcribed tape recording of the meeting being admitted in evidence because it had not been authenticated, appellant requested that the solicitor be called as a defense witness. The assistant solicitor argued that the solicitor's violation of disciplinary rules was a matter between him and the State Bar but not grounds for his disqualification as prosecuting attorney. He pointed out that any witness bias could be revealed by cross-examination and that any juror bias could be ferreted out on voir dire.

The trial court invited appellant to renew a motion for change of venue, in the event juror bias was prevalent, and the court ruled that witnesses could be cross-examined on this subject. The court, after defendant stated what the solicitor's expected testimony would be, ruled the solicitor could not be called as a witness. The motion to disquality the solicitor was denied.

Appellant has not shown that, even if all of the statements were made at the public gathering in advance of the trial, she was prejudiced because the maker of the statements acted as prosecuting attorney at her trial. Disqualification was not mandated in order to assure a fair trial, and appellant has not shown that any witness or juror was infected by the solicitor's conduct.

2. Appellant urges that reckless conduct is a lesser included offense which should be merged into the greater offense of DUI as a matter of fact in this case.

The accusations charged that appellant did "unlawfully endanger the bodily safety of 53 children on Bus No. 8411 by driving reckless" and that she did "unlawfully drive or be in actual physical control of a motor vehicle while under the influence of alcohol to the extent that it's less safe for the person to drive and the person's alcohol concentration was 0.12 grams or more."

*Whiteley v. State*, 188 Ga. App. 129, 132 (5) (372 SE2d 296) (1988), held that "[s]ince reckless conduct requires harm or danger to 'another person,' an element not required by OCGA § 40-6-391 to be alleged and proven, it is not a lesser included offense as a matter of law. [Cits.] It also was not a lesser included crime as a matter of fact,

because the accusation includes no allegation of harm or danger to another person and there was no proof of such at trial. . . . [Cits.]"

Appellant's assertion that the reckless conduct accusation did allege harm or danger to others misperceives the issue. It is the DUI accusation that must allege harm or danger in order to render reckless conduct a lesser included offense, and the DUI accusation contains no such allegations.

3. The trial court is faulted for not conducting a hearing and ruling on appellant's motion for change of venue. Her argument is that under *Villa v. State*, 190 Ga. App. 530, 532 (2) (379 SE2d 417) (1989), when a motion for change of venue is filed, the trial court must conduct a hearing and give defendant an opportunity to present evidence.

*Villa* is distinguishable in that Villa requested a hearing on his motion but appellant did not. Her original motion for change of venue was denied because of counsel's failure to appear at the hearing. Appellant did not renew the motion or request a hearing after the court stated that the motion could be revived if a basis materialized.

Appellant also argues that by refusing to allow her to call the solicitor as a defense witness, she was denied an opportunity to present evidence on her motion for change of venue. However, appellant sought to examine the solicitor regarding her motion for disqualification rather than change of venue. Moreover, the court allowed defense counsel to state in his place the testimony he sought to elicit from the solicitor.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED APRIL 29, 1992.

*Freddie Harrell,* for appellant.
*Daniel W. Lee, Solicitor,* for appellee.

